# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 1:20-MJ-103 |
| | : | |
| DAVUD SUNGUR | : | |
| | : | |
| Accused. | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER BOND

The Accused, Davud Sungur, by counsel, respectfully submits the following Memorandum in support of his request that the Court reconsider its denial of bond.

## PROCEDURAL BACKGROUND

On March 11, 2020, Mr. Sungur was charged via Criminal Complaint with unlawfully engaging in the business of selling firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). The charge was the culmination of an undercover joint law enforcement operation between Fairfax County, Homeland Security Investigations, and Immigration and Customs Enforcement. Mr. Sungur was arrested on March 18, 2020 without issue. A search warrant was executed at the family home, and all relevant physical evidence has already been recovered by law enforcement.

Mr. Sungur made his initial appearance before this Court on March 18, and his detention hearing and preliminary hearing were set for March 19, 2020. The Office of the Public Defender was appointed to represent him at that time. On March 19, Mr. Sungur waived his preliminary hearing through counsel and moved the Court to set a bond. The Court denied the motion and remanded Mr. Sungur into custody. The undersigned counsel was subsequently retained by Mr. Sungur, and this motion to reconsider follows. Counsel has spoken with the Government about

this motion, and the Government understands it is forthcoming and has advised it would be available for any hearing scheduled by the Court on this request to reconsider.

## FACTUAL BACKGROUND

Davud Sungur is a 19-year old young man who, until his arrest, resided with his parents and three sisters at the family home in Fairfax City, where he has grown up virtually his entire life. He is a United States citizen, born and raised in Fairfax, and a sophomore at George Mason University, where he is studying health management. He is a graduate of Fairfax High School, where he graduated with a GPA of approximately 3.2 and had no disciplinary issues. Both in high school and now in college, he has excelled academically. In addition to being a full-time student at George Mason University, he is also a member of the Air Force Reserve Officer Training Corps (ROTC).

Mr. Sungur has no criminal history, no history of violence, and no history of substance abuse. He does not drink or use any drugs, and he has strong ties to the community. He has the full support of his family, who will ensure his compliance with any conditions of pretrial release imposed by the Court. The recommendation of pretrial services in this case is for release with conditions and supervision, and a third-party custodian has been evaluated and approved. The third-party custodian, who is a university professor at the University of Lynchburg, is a next-door neighbor of the Sungur family and a close family friend of approximately eight years. He is currently at home due to the closure of the university in light of the COVID-19 pandemic, and he is expected to be there until at least August. He continues willing and able to serve in that capacity and has confirmed this again to counsel. In addition, Mr. Sungur's father, who is retired and resides in the same home as Davud, appears to also be a suitable third-party custodian, subject to being approved by pretrial services.

Since the time of the Court's denial of bond on March 19, 2020, new circumstances and factors outside of case-related issues have taken place. New and significant developments surrounding the current COVID-19 crisis have arisen and will directly impact this case. First, the Alexandria Adult Detention Center is effectively on lockdown since March 23, and all visits, including attorney visits, are suspended until further notice. Counsel attempted to visit Mr. Sungur on Saturday, March 21, 2020 before the termination of in-person visitation was supposed to begin but was turned away and advised that visitation was suspended. While video calls can be arranged at the jail, the quality of the calls is marginal at best with loud echoing making it difficult to hear the client, and it is certainly no substitute for in-person attorney-client communications, both in terms of developing the necessary rapport in such a relationship and in terms of eventually reviewing discovery, addressing the Government's allegations, and preparing for trial. The ability to meet in person and to thoroughly review the facts, nature of the case, and position of the Government are crucial in any case, but particularly so in a case such as this where the accused is young and has no prior experience with the criminal justice system.

Second, the United States District Court for the Eastern District of Virginia has published a number of orders over the past few days, the most recent being General Order No. 2020-07. The sum and substance of that Order is that all non-emergency court proceedings, including grand juries, are suspended until at least May 1, 2020, and the statutory deadline for the presentment of an indictment, as well as the speedy trial clock, are tolled for the duration of this necessary delay in light of the public health crisis we find ourselves in. This means Mr. Sungur will not be indicted, let alone arraigned and given a trial date, until at least May, and possibly later if further orders are expounded on this issue due to the quickly evolving nature of this emergency.

## **ARGUMENT**

Davud Sungur is neither a flight risk nor an ongoing danger to the community, and he is therefore an appropriate candidate for pretrial release with conditions. There is no presumption against bond in this case, and the Bail Reform Act, requires that pretrial release be granted unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. Stated otherwise, there is a statutory requirement of release if a condition or combination of conditions will reasonably ensure the appearance of the accused and the safety of the community.

In determining whether to set bond, the Act requires the Court to consider multiple factors, including the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the accused, including family ties, employment, physical and mental condition, length of residence in the community, past conduct, history related to alcohol or drug abuse, record of appearance in court, and whether the accused was on probation or parole at the time of the alleged offense. 18 U.S.C. § 3142(g). In addition, the Court must consider the nature and seriousness of the danger to any person or the community. *Id.*

All of these factors strongly support releasing Mr. Sungar on pretrial release with supervision. As far as his personal characteristics are concerned, his lack of criminal history or substance abuse history, his educational achievements, strong community and family ties, employment, and long-time local residence all support that he is neither a flight risk nor a danger to others. In terms of the nature of the alleged offense and the weight of the evidence, the allegations in the Criminal Complaint concern recent controlled buys of firearms by law enforcement within the past two to three months. Law enforcement during that time apparently did not see him as a general risk to the community because they continued to work on setting up further buys from him rather than detaining him for the safety of the community. In addition,

while the weight of the evidence against the accused is a factor to consider in determining bond, *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), it is the least significant factor. *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990).

More importantly, the circumstances have drastically changed from the time of the alleged offense conduct to today such that there is no risk of danger to the community if Mr. Sungur is placed on pretrial release with supervision. He has been charged and presented before this Court on a felony charge, and his family's home has already been searched and cleared of any evidence or instrumentalities relevant to the alleged offense conduct. Mr. Sungur also fully understands the seriousness of what he faces and the consequences of any violations of pretrial release. Counsel has met extensively with the Sungur family, who fully understand the need to cooperate with pretrial services personnel and to closely monitor Davud's conduct and supervision requirements.

The Bail Reform Act provides this Court with the necessary tools to ensure the community's safety pending Mr. Sungur's trial. The Act provides a litany of conditions at the Court's disposal to ensure the dual goals of bond, allowing the Court to impose any or all of the following conditions of release, subject to the proviso that the least restrictive conditions necessary be imposed:

> **(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
> **(ii)** maintain employment, or, if unemployed, actively seek employment;
> **(iii)** maintain or commence an educational program;
> **(iv)** abide by specified restrictions on personal associations, place of abode, or travel;
> **(v)** avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
> **(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> **(vii)** comply with a specified curfew;
> **(viii)** refrain from possessing a firearm, destructive device, or other dangerous weapon;

**(ix)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;
**(x)** undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
**(xi)** execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;
**(xii)** execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;
**(xiii)** return to custody for specified hours following release for employment, schooling, or other limited purposes; and
**(xiv)** satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C.S. § 3142(c)(1)(B).

Mr. Sungur intends to comply with all conditions of his release, including surrendering his passport, complying with pretrial supervision, submitting to home confinement and GPS monitoring if so ordered, submitting to any home inspections, and remaining in the custody of the approved third-party custodian. He is also willing to submit to any restrictions on internet access or to the monitoring of internet access if the Court deems that necessary. In light of all of this, the recommendation by pretrial services of release with supervision is appropriate and in compliance with the mandate of the Bail Reform Act under these circumstances.

Continuing Mr. Sungur's detention pending trial, particularly with the significant delays that have already been caused and will likely continue to be caused by the COVID-19 emergency, would make it extremely difficult for Mr. Sungur to effectively work with his counsel in preparing his defense to this case. And the danger of the coronavirus pandemic finding its way into the Adult

Detention Center is serious and of real concern, particularly in light of the impossibility of any social distancing within the confines of the jail.

## CONCLUSION

For all of these reasons, and the reasons to be provided at such time as counsel may be heard, Davud Sungur, by counsel, respectfully urges the Court to reconsider its March 19, 2020 decision denying bond and to grant Mr. Sungur pretrial release with any and all appropriate conditions. Far more is known now about the allegations within the Complaint, Davud Sungur's background, and the ability to appropriately set conditions of release to assure his appearance and good behavior.

Respectfully Submitted,
Davud Sungur,
By Counsel

GREENSPUN SHAPIRO PC

BY: /s/
Peter D. Greenspun
Virginia Bar No. 18052
Muhammad Elsayed
Virginia Bar No. 86151
3955 Chain Bridge Road
Second Floor
Fairfax, Virginia 22030
(703) 352-0100
(703) 591-7268 (fax)
pdg@greenspunlaw.com
me@greenspunlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2020, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

John Blanchard
Assistant United States Attorney
United States Attorney's Office,
Alexandria Division
2100 Jamieson Avenue
Alexandria, Virginia 22314
john.blanchard@usdoj.gov

/s/
Muhammad Elsayed