IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-162 |
| DAVUD SUNGUR, | |
| Defendant. | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and John C. Blanchard, Assistant United States Attorney, opposes the defendant's Motion for Release Pending Sentencing. The defendant is pleading guilty to dealing in firearms without a license. Once convicted, the defendant should be detained unless he meets the burden of showing that there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any person or the community. The United States submits that the defendant, who engaged in the illicit trade of firearms in the Eastern District of Virginia for approximately a year and whose advisory guidelines range will recommend a multiyear prison sentence, should remain in custody pending his sentencing in this matter.

**Factual Summary**

In late January 2019, the defendant began acquiring firearms. In and around March 2019, the defendant began engaging in the business of dealing in firearms, and he remained an active trafficker of firearms until his arrest in March of 2020. Relying primarily on ArmsList.com, a classified advertisement website, the defendant purchased and traded for firearms in private sales transactions and subsequently sold the firearms he obtained to others. During this time period, the

defendant, who was unemployed and a full-time student, characterized himself as a firearms "dealer" and characterized his firearm activities as his "business" in digital communications with friends as well as with certain prospective customers with whom he became acquainted via digital social networking groups. Among the firearms that the defendant sold and advertised for sale were pistols devoid of serial numbers or other unique identifiers, commonly known as "ghost guns." The defendant explained to prospective customers that he charged a premium for such pistols because he made them, because they lacked serial numbers, and because they could not be linked to any previous criminal activities.

Over the course of four separate transactions in 2020, the defendant sold undercover detectives with the Fairfax County Police Department's Organized Crime & Intelligence Bureau ("UD 1" and "UD 2") a total of twelve firearms, more than 1,000 rounds of ammunition, and two Drop-In Auto Sear ("DIAS") machinegun conversion devices. Following the defendant's arrest, Homeland Security Investigations executed a search warrant at the defendant's residence and discovered that he was in possession of additional materials and kits used to manufacture ghost guns, a 3D printer containing a file intended for creating a DIAS machinegun conversion device, additional ammunition, additional magazines, and an additional firearm.

**Legal Standard**

Title 18, United States Code, Section 3143(a)(1) provides that the Court shall detain anyone who has been found guilty of an offense whose applicable advisory sentencing guidelines call for a term of imprisonment absent a judicial finding, predicated upon clear and convincing evidence, that the person poses neither a risk of flight nor any danger to the community. The government

contends that the defendant should be detained because he has not met his burden of establishing by clear and convincing evidence that he does not pose a danger to the community.

## Basis for Detention

The defendant continues to pose a clear danger to the community. The overwhelming evidence developed during this investigation shows that the defendant was a retail distributor of firearms and machinegun conversion devices, capable of obtaining a variety of weapons in relatively short periods of time. As such, the government believes that continued detention is clearly warranted in this case.

### A. Nature and Circumstances of the Offense Charged

The defendant was not merely selling firearms without the requisite paperwork. To the contrary, he was selling untraceable "ghost guns" and machinegun-conversion devices. Further, he was selling ammunition, including armor-piercing rounds, and had discussed his intention to facilitate the future transnational dissemination of weaponry for profit. On top of that, he admitted to having sold guns to individuals who were otherwise unable to obtain them lawfully. The defendant was an opportunist willing to sell firearms to whomever would pay, as evidenced by his apparent willingness to sell a rifle to a teenager, *see* conversation appended hereto as Exhibit 1, and the Fairfax County Police Department's recovery of a firearm[1] that the defendant had recently purchased in the home of another juvenile who has since been indicted for murder. The foregoing information, in its totality, makes the charge to which the defendant is pleading guilty a uniquely serious one.

---

1 The firearm recovered from the juvenile's home is not believed to be the murder weapon.

### B. Weight of the Evidence

By the time this motion is ripe for the Court to hear it, the defendant will have pled guilty to a serious offense and will have agreed that the conduct delineated in the Statement of Facts is true and correct.

### C. Nature and Seriousness of the Danger to any Person or the Community

The defendant remains a danger to persons in the community. The defendant was and remains today capable of manufacturing firearms. As no background check is required to purchase (1) any of the raw components of the Glock-style Polymer80 pistols the defendant sold the detectives, or (2) any of the equipment required to assemble such components as fully operable and untraceable "ghost guns," there is nothing to prevent the defendant from resuming his activities if he is released. Moreover, while the defendant's 3D printer has been seized, there is no background check required to purchase a new one. Accordingly, the government disagrees with the defendant's contention that the conditions recommended by the Probation and Pretrial Department would adequately protect the public. Given the defendant's pattern of dealing in firearms, this information should weigh in favor of his continued detention.

## COVID-19

The United States is mindful of the dangers associated with COVID-19 and, at the time of this filing, the government is aware of two cases of infection at the Alexandria Detention Center "ADC." Both individuals have been in isolation since their arrival at the ADC. Nevertheless, this is no reason to release the defendant after he enters a plea of guilty and is convicted. First and foremost, the defendant has no underlying health conditions that would put him at heightened risk. He is 20 years old—younger by 45 years than the floor of the high-risk category of individuals 65

4

years and older. Furthermore, the ADC has undertaken rigorous procedures to protect inmates and staff from COVID-19. These measures are outlined in the most recently updated "Alexandria Sheriff's Office COVID-19 Coronavirus Protocols" dated July 24, 2020, attached hereto as Exhibit 2. Those procedures appear to be working well to contain any further infections at the ADC and will minimize the defendant's potential exposure to COVID-19 and ensure that his confinement at the ADC will not put him at an increased risk of infection.

The government recognizes that the defendant has been incarcerated during unprecedented times and has had to live with heightened restrictions inside the ADC as its staff has worked to protect the health and welfare of the inmates. However, the government submits that these hardships do not make the defendant any less of a danger to the community. The mere fact that someone has had to deal with such restrictions in the jail does not constitute a reason for release.

## Conclusion

The government respectfully requests that this Court issue an Order denying the instant motion. The defendant's entry of a guilty plea as to Count I and two isolated COVID-19 cases in the ADC are not new circumstances that warrant a reversal of this Court's previous determination that the defendant should not be free on bond. The defendant has failed to meet his burden of showing by clear and convincing evidence that he is not a danger to any person or the community. The government submits that continued detention of the defendant pending sentencing in this matter is necessary to assure the safety of others, and that neither the Alexandria ADC's current visitation restrictions nor the tolling of deadlines by Orders of this Court should result in a change of his presentencing detention status.

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

By:       /s/
John C. Blanchard
Assistant U.S. Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3999
john.blanchard@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the counsels of record for the defendant.

                                                      /s/
                                    John C. Blanchard
                                    Assistant U.S. Attorney
                                    Office of the United States Attorney
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    (703) 299-3999
                                    john.blanchard@usdoj.gov