IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-162 |
| DAVUD SUNGUR, | Hon. Anthony J. Trenga |
| Defendant. | Sentencing Date: December 16, 2020 |

**THE UNITED STATES' POSITION ON SENTENCING**

The United States of America, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), hereby provides its position paper with respect to the sentencing of the defendant, Davud Sungur.  The United States has no objection to the factual information contained in the Presentence Report.  While the United States believes that a four-point enhancement pursuant to § 2K2.1(b)(6)(A) arguably applies to the Guidelines calculation contained in the Presentence Report, the United States concedes that the Presentence Report likely reflects with accuracy the defendant's advisory Guidelines range from 46 to 57 months.  Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence of 48 months' incarceration is sufficient, but not greater than necessary, to fulfill the purposes of sentencing in this case.

**I.      FACTUAL BACKGROUND AND PROCEDRUAL HISTORY**

The factual basis supporting the conviction in the case at bar and relevant to the determination of the defendant's sentence is accurately set forth in the stipulated Statement of Facts.  ECF No. 53.  On September 29, 2020, the defendant entered a plea of guilty to dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). ECF Nos. 38 (Count 1), 51.  Pursuant to the written plea agreement in this case, *see* ECF No. 52,

the United States will move this Court to dismiss Count 2 of the indictment, which charges a violation of 18 U.S.C. § 922(o), at the conclusion of the defendant's sentencing hearing. See id. at ¶ 7.

## II. SENTENCING GUIDELINES

Though the Guidelines are advisory, sentencing courts must consult the Guidelines and take them into account when sentencing a defendant. *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court must first calculate the Guidelines range applicable to the defendant's case. *Nelson v. United States*, 555 U.S. 350, 351 (2009). The United States, the U.S. Probation Office, and the defendant believe that the calculation of the appropriate offense level for the defendant is as follows:

| **Base Offense Level (§ 2K2.1(a))** | |
|---|---|
| Firearm described in 26 U.S.C. § 5854(a)[1] (§ 2K2.1(a)(5)) | **18** |
| Enhancement for between 8 - 24 firearms (§ 2K2.1(b)(1)(C)) | **+4** |
| Enhancement for firearm trafficking (§ 2B3.1(b)(5)) | **+4** |
| **Acceptance of Responsibility** | |
| Clear demonstration of acceptance of responsibility (§ 3E1.1(a)) | **-2** |
| Assistance in the prosecution of own misconduct (§ 3E1.1(b)) | **-1** |
| **Adjusted Offense Level** | **23** |

As the defendant is in criminal history category I, the resulting applicable guidelines range is 46 to 57 months of imprisonment.

---

[1] Machinegun (26 U.S.C. § 5845(a)(6), defined by 26 U.S.C. § 5845(b)).

**III.     § 3553(a) FACTORS**

It is well-settled that after calculating the applicable Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant.  *See Nelson*, 555 U.S. at 351; *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006) (stating that the sentencing court must fulfill the sentencing objectives established by congress, namely: the promotion of respect for the law; just punishment; adequate deterrence; protection of the public; rehabilitation; and restitution to victims).   Based on those factors, a sentence of 48 months' incarceration is reasonable and warranted in this case.

**A.  Nature, Circumstances, and Seriousness of the Offense (§ 3553(a)(1) & (a)(2)(A))**

The defendant's criminal conduct was not an aberration, nor was it a momentary lapse in judgment that smacked of youthful indiscretion.  To the contrary, despite having a supportive family and bright prospects awaiting him upon his future graduation from a respected university, the defendant spent an entire year devoting significant time, attention, and labor to breaking the law.  He actively sought out criminality, and he was willing to let others potentially pay the price for the way it made him feel and the profits that it yielded him.  He learned how to convert raw firearm materials he ordered online into operational pistols.  He was willing to sell his untraceable wares and other firearms he obtained via private sales indiscriminately to whomever would pay for them.  S*ee, e.g.*, Ex. 1.  The defendant sold many of these firearms, along with machinegun conversion components that rendered deadly weapons even deadlier, to two men that he did not know were undercover detectives.  To be sure, the defendant is pending sentencing for a serious offense, the nature and circumstances of which lend themselves to a significant period of incarceration.

### B. History and Characteristics of the Defendant (§ 3553(a)(1))

The instant offense constitutes the defendant's first interaction with the criminal justice system, and the United States sincerely hopes that it will constitute his last.

### C. The Need to Promote Respect for the Law and the Need to Afford Adequate Deterrence to Criminal Conduct (§§ 3553(a)(2)(A) and (B))

The United States respectfully submits that the need for the sentenced imposed in this case to afford general deterrence and the need to promote respect for the law are unfortunately all too apparent. Violent gun crime plagues this nation. This reality is amplified in the Washington, D.C. metropolitan area, where firearms are frequently trafficked from Virginia across the Potomac, and where 270 of the region's 335 homicides this year have been shooting-related. *See* "Tracking D.C.-Area Homicides." The Washington Post, http://www.washingtonpost.com/graphics/local/homicides/ (last visited Dec. 9, 2020). Indeed, in 2019 alone, law enforcement recovered 2,134 firearms in the District of Columbia that were either used in a crime or recovered during the investigation of a crime. *See* Ex. 2 at 3. The Bureau of Alcohol, Tobacco, Firearms & Explosives was able to trace 1,554 of those recovered firearms to a source-state and, based on those traces, determined that Virginia accounted for more than 40 percent of the firearms trafficked into Washington, D.C., making Virginia the top source-state for firearms recovered in the District. *See* Ex. 2 at 7. The sentence in this case should specifically deter the defendant from committing further violations of law and should forewarn those who would illegally deal in firearms in the Eastern District of Virginia.

### D. Need for a Term of Supervised Release

The United States also recommends a three-year term of supervised release following the service of the sentence imposed to provide the requisite further deterrent effect.

4

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully asks this Honorable Court to sentence the defendant to 48 months' incarceration, a three-year period of supervised release, and a $100 special assessment.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: December 9, 2020     By:  _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:   (703) 299-3980
John.Blanchard@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

I further certify that on December 9, 2020, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

Jennifer Lyerly
United States Probation Officer
Eastern District of Virginia
Email: Jennifer_Lyerly@vaep.uscourts.gov

By: _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:     (703) 299-3980
John.Blanchard@usdoj.gov